UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
ABILENE DIVISION

MARTIN SEGUNDO RIOS
FERREIRA,

      Petitioner,

v.

KRISTI NOEM, et al.,

      Respondents.

No. 1:25-CV-218-H

### ORDER

In *Buenrostro-Mendez v. Bondi*, the Fifth Circuit held that aliens who are present in the United States without previously being admitted by immigration authorities—also known as "applicants for admission"—must be detained under the INA. ___ F.4th ___, Nos. 25-20496 & 25-40701, 2026 WL 32330 (5th Cir. Feb. 6, 2026). Martin Segundo Rios Ferreira, a citizen and native of Venezuela, is one such alien, having illegally entered the United States seven years ago. He was recently placed in detention pending removal following his arrest for domestic violence last year. His habeas petition, filed before the Fifth Circuit's decision in *Buenrostro-Mendez*, demands either his release or a bond hearing under the INA, APA, and the Due Process Clause. Dkt. No. 2.

In light of *Buenrostro-Mendez*, only Rios Ferreira's due process claim remains. But due process is a contextual concept, and in the context of alien removal, it is a limited one. Congress determined that aliens like Rios Ferreira are not entitled to bond, but they are permitted to remain in U.S. custody and fight to remain here. That is more than sufficient process so far as the Due Process Clause is concerned. Therefore, the petition (Dkt. No. 2) is denied.

## 1.    Background

In 2019, Rios Ferreira applied to enter the United States at the port of entry in Laredo, Texas.  Dkt. Nos. 2 ¶ 1; 11 at 7.  He was immediately issued a Notice to Appear and ordered to appear for an immigration hearing at a later, undetermined date.  Dkt. No. 12 at 23.  By March 2025, Rios Ferreira remained in the U.S. without admission.  That month, police in Denton County, Texas arrested him for assault causing bodily injury to a family member and for interfering with an emergency request for assistance.  *Id.* at 5 (citing Tex. Penal Code §§ 22.01(a)(1), 42.062).  Shortly after, the Denton County Sheriff's Office transferred him into ICE custody.  *Id.*  While in custody, Rios Ferreira applied for bond, but the immigration judge denied relief, finding that Rios Ferreira was an arriving alien subject to mandatory detention.  *Id.* at 15 (citing 8 U.S.C. § 1225 (b)(1)).

In the meantime, Rios Ferreira successfully applied for Temporary Protective Status. Dkt. No. 11 at 8.  In August 2025, ICE transferred Rios Ferreira back into police custody in relation to his outstanding domestic violence charge.  *Id.*  But his Temporary Protective Status expired, and in September 2025 he was returned to ICE custody.  *Id.* at 8–9.[1]

Upon his second round of detention in ICE custody, Rios Ferreira received another Notice to Appear.  *Id.*  The new Notice to Appear charged Rios Ferreira with removability as an alien "present in the United States without being admitted or paroled, or who arrived in the United States at any time or place other than as designated by the Attorney General."

---

[1] The Northern District of California enjoined the Trump administration's termination of Temporary Protective Status for Venezuelan nationals, but the Supreme Court subsequently stayed the injunction. *Noem v. Nat'l TPS Alliance*, 606 U.S. ___,  146 S. Ct. 23 (2025). In January 2026, the Ninth Circuit affirmed the Northern District's decision. *See* ___ F.4th ___, No. 25-5724, 2026 WL 226573 (9th Cir. Jan. 28, 2026).  But because the Supreme Court's stay remains in place until the "disposition of a petition for a writ of certiorari, if such writ is timely sought," the stay remains in place.  146 S. Ct. at 24.

*Id.* at 7; *see* 8 U.S.C. § 1182(a)(6)(A)(i).  He was immediately placed in detention at the Cimarron Correctional Facility in Cushing, Oklahoma and was later transferred to the Bluebonnet Detention Center in Anson, Texas.  Dkt. Nos. 1 ¶ 7; 15 at 9–10.

Rios Ferreira has not applied for a new bond determination since the original denial in March 2025.  That is because the BIA's recent opinion in *Yajure Hurtado* holds that aliens present in the United States without admission must be detained without bond under Section 1225(b)(2)(A) of the INA for the duration of their removal proceedings.  29 I. & N. Dec. at 220.[2]

Instead, Rios Ferreira filed a petition for a writ of habeas corpus.  Dkt. No. 2.[3]  The petition states three claims for relief.  First, he alleges that his detention without bond violates the INA.  *Id.* ¶¶ 17–24.  He argues that Section 1225(b)(2)(A) does not apply to aliens who, like him, previously entered the United States illegally and have been living in the country prior to being apprehended and placed in removal proceedings.  *See id.* ¶¶ 22–24.  In Rios Ferreira view, the proper statutory authority for his detention is Section 1226(a), which permits IJs to release aliens on bond while their removal is pending.  *Id.*  Second,

---

[2] On February 18, 2026, the Central District of California purported to vacate *Yajure Hurtado*. *Maldonado Bautista v. Santacruz*, ___ F. Supp. 3d ___, No. 5:25-CV-1873, 2026 WL 468284 (C.D. Cal. Feb. 18, 2026).  But as the Court explained in *Calderon Lopez v. Lyons*, the Central District lacks authority to enter such relief.  ___ F. Supp. 3d ___, No. 1:25-CV-226, 2025 WL 3683918, at *10–14 (N.D. Tex. Dec. 19, 2025).  *Yajure Hurtado* binds immigration judges, meaning it would be "an exercise in futility" to seek a bond hearing.  *Garner v. U.S. Dep't of Lab.*, 221 F.3d 822, 825 (5th Cir. 2000).  Thus, Rios Ferreira's petition does not present an exhaustion problem.  *Id.*

[3] Rios Ferreira initially filed his petition in the Eastern District of Oklahoma while he was detained at the Cimarron Correctional Facility.  *See* Dkt. No. 2.  Hours after filing the petition, ICE transferred Rios Ferreira to the Bluebonnet Detention Facility located in the Abilene Division of this District.  Dkt. No. 15 at 9–10.  Rios Ferreira then filed an unopposed motion to transfer his case to the "Western District of Texas, Abilene Division."  Dkt. No. 4 at 2.  The Eastern District of Oklahoma granted the motion, observing that parties are permitted under Section 2241 to transfer to another district where jurisdiction is proper.  Dkt. No. 5 at 2 (citing *In re Nwanze*, 242 F.3d 521, 526 (3d Cir. 2001)).  Because Rios Ferreira is now in custody in the Northern District of Texas, jurisdiction is proper.  *See* 28 U.S.C. § 2241(d).

Rios Ferreira contends that his detention without bond violates his due process rights. *Id.* ¶¶ 25–32. Finally, Rios Ferreira alleges that his detention without bond violates the APA. *Id.* ¶¶ 33–39.

The Court ordered the respondents to show cause why Rios Ferreira's petition should not be granted. Dkt. No. 8. The respondents timely answered (Dkt. Nos. 11; 12) and Rios Ferreira replied (Dkt. Nos. 15; 15-1). The petition is now ripe for review.

While litigation was underway in this case, the Fifth Circuit issued its decision in *Buenrostro-Mendez*, which agreed with *Yajure Hurtado* and upheld the government's mandatory-detention policy under Section 1225. *See* 2026 WL 323330, at *1. The Fifth Circuit turned to the plain language of Section 1225, which provides that "in the case of an alien who is an applicant for admission, if the examining immigration officer determines that an alien seeking admission is not clearly and beyond a doubt entitled to be admitted, the alien *shall be detained* for a proceeding under section 1229a of this title." 8 U.S.C. § 1225(b)(2)(A). The Fifth Circuit found "no material disjunction" between the phrases "applicant for admission" and "seeking admission," and thus concluded that all applicants for admission fall within Section 1225(b)(2)(A)'s grasp. *Buenrostro-Mendez*, 2026 WL 323330, at *4 (quoting *Garibay-Robledo v. Noem*, ___ F. Supp. 3d ___, No. 1:25-CV-177, 2026 WL 81679, at *5 (N.D. Tex. Jan. 9, 2026)).

## 2. Legal Standard

"[A]bsent suspension, the writ of habeas corpus remains available to every individual detained within the United States." *Hamdi v. Rumsfeld*, 542 U.S. 507, 525 (2004) (citing U.S. Const. art. I, § 9, cl. 2). With 28 U.S.C. § 2241, Congress authorized federal courts to resolve habeas petitions, including in immigration-detention cases. *Zadvydas v. Davis*, 533

U.S. 678, 687–88 (2001).  Habeas exists solely to "grant relief from unlawful imprisonment or custody."  *Pierre v. United States*, 525 F.2d 933, 935–36 (5th Cir. 1976).  Thus, for the writ to issue, the petitioner must be "in custody in violation of the Constitution or laws or treaties of the United States."  28 U.S.C. § 2241(c)(3); *see Orellana v. Kyle*, 65 F.3d 29, 31 (5th Cir. 1995).  A court considering a habeas petition must "determine the facts, and dispose of the matter as law and justice require."  28 U.S.C. § 2243.

**3.    Analysis**

Rios Ferreira raises three claims in his habeas petition—one involving Sections 1225 and 1226 of the INA, one based on the Fifth Amendment's Due Process Clause, and another based on the APA.  Dkt. No. 2 ¶¶ 17–39.  As explained below, *Buenrostro-Mendez* forecloses his INA and APA claims.  The Court has considered whether the Due Process Clause entitles illegal aliens to individualized bond hearings in numerous prior cases.[4]  Even so, the Court considers the arguments raised in Rios Ferreira's briefing to address whether bond-less detention of aliens present in the United States violates the Constitution.  The answer is no.

**A.    *Buenrostro-Mendez* forecloses Rios Ferreira's INA and APA claims.**

Rios Ferreira denies that he is an applicant for admission, preferring to limit that term to persons "encountered at the border."  Dkt. No. 15 at 16.  But it is evident that he is one.  Section 1225 broadly defines "applicant for admission" as "[a]n alien present in the United States who has not been admitted or who arrives in the United States."  8 U.S.C.

---

[4] *Higareda-Cano v. Noem*, No. 1:25-CV-225, Dkt. No. 13 (N.D. Tex. Jan. 30, 2026); *Goyo Martinez v. Villegas*, No. 1:25-CV-256, 2026 WL 114418 (N.D. Tex. Jan. 15, 2026); *Gomez Hernandez v. Lyons*, No. 1:25-CV-216, 2026 WL 31775 (N.D. Tex. Jan. 6, 2026); *Montelongo Zuniga v. Lyons*, ___ F. Supp. 3d ___, No. 1:25-CV-221, 2025 WL 3755126 (N.D. Tex. Dec. 29, 2025).

§ 1225(a)(1).  Rios Ferreira is an "alien."  He is "present in the United States."  And he "has not been admitted" because he did not "lawful[ly] ent[er] [the country] after inspection and authorization by an immigration officer."  *Id.* § 1101(a)(13)(A) (defining "admission" and "admitted").  As an applicant for admission, binding Fifth Circuit precedent requires that he be detained without bond under Section 1225(b)(2)(A).  *See Buenrostro-Mendez*, 2026 WL 323330, at *1.  Thus, Rios Ferreira's INA claim fails.[5]

Rios Ferreira also challenges his detention as "unlawful agency action under the Administrative Procedure Act."  Dkt. No. 2 ¶ 34.  But because *Buenrostro-Mendez* determined that DHS has the correct view of the law, his APA claim necessarily fails, too.[6]

### B.    The Due Process Clause does not require the government to give Rios Ferreira a bond hearing.

Next is Rios Ferreira's claim that the government's refusal to provide a bond hearing violates the Due Process Clause of the Fifth Amendment.  Dkt. No. 2 ¶¶ 25–32.  Rios Ferreira devotes only a few sentences to this claim, arguing that he "has a fundamental interest" in being free from imprisonment, and that his detention without "access to a bond hearing strips [him] of the individualized determination required by due process."  *Id.* ¶¶ 27–28.  His challenge appears to sound in both substantive and procedural due process.  But on either approach, Rios Ferreira is not entitled to relief.

Start with substantive due process.  That doctrine protects "only 'those fundamental rights and liberties which are, objectively, deeply rooted in this Nation's history and

---

[5] Even if this Court were not bound by *Buenrostro-Mendez*, it would have reached the same result for the reasons discussed in its numerous prior decisions on this issue.  *Supra*, n.4.

[6] Furthermore, for the reasons explained in *Garibay-Robledo v. Noem*, ___ F. Supp. 3d ___, No. 1:25-CV-177, 2026 WL 81679, at *10 (N.D. Tex. Jan. 9, 2026), the availability of habeas relief precludes APA relief.

tradition.'" *Dep't of State v. Muñoz*, 602 U.S. 899, 910 (2024) (quoting *Washington v. Glucksberg*, 521 U.S. 702, 720–21 (1997)).  While still recognizing due-process rights for aliens present in the United States, *see, e.g.*, *Trump v. J.G.G.*, 604 U.S. 670, 673 (2025), the Supreme Court has long affirmed the constitutionality of executive immigration procedures. The "through line of history," the Supreme Court recently explained, is "recognition of the Government's sovereign authority to set the terms governing the admission and exclusion of noncitizens."  *Muñoz*, 602 U.S. at 911–12.  To that end, "Congress regularly makes rules that would be unacceptable if applied to citizens."  *Mathews v. Diaz*, 426 U.S. 67, 80 (1976).

The principle is no less true for immigration detention.  In fact, the Supreme Court has endorsed the constitutionality of detaining aliens without bond during the pendency of removal proceedings.  In *Demore v. Kim*, the Supreme Court acknowledged that "the Fifth Amendment entitles aliens to due process of law in deportation proceedings."  538 U.S. 510, 523 (2003) (quoting *Reno v. Flores*, 507 U.S. 292, 306 (1993)).  But it clarified that "detention during deportation proceedings" is nevertheless a "constitutionally valid aspect of the deportation process."  *Id.*  Indeed, "when the Government deals with deportable aliens, the Due Process Clause does not require it to employ the least burdensome means to accomplish its goal."  *Id.* at 528.  It follows that "the Government may constitutionally detain deportable aliens during the limited period necessary for their removal proceedings." *Id.* at 526.  Against that backdrop, the notion that substantive due process requires a bond hearing is untenable.

A procedural due process claim fares no better.  Rios Ferreira seeks relief relying on the three-factor balancing test from *Mathews v. Eldridge*, 424 U.S. 319 (1976).  *See* Dkt. No. 15 at 18–19.  The *Mathews* test, while common, is not the only tool for resolving procedural

due process challenges.  The Supreme Court said as much: "[W]e have never viewed *Mathews* as announcing an all-embracing test for deciding due process claims."  *Dusenbery v. United States*, 534 U.S. 161, 168 (2002).  In fact, the "Supreme Court when confronted with constitutional challenges to immigration detention has not resolved them through express application of *Mathews*."  *Rodriguez Diaz v. Garland*, 53 F.4th 1189, 1206 (9th Cir. 2022).

The application of *Mathews* to Section 1226 cases is "unwarranted on the test's own terms."  *Ladak v. Noem*, ___ F. Supp. 3d ___, No. 1:25-CV-194, 2025 WL 3764016, at *7 (N.D. Tex. Dec. 30, 2025).  The Supreme Court applied *Mathews* in *Landon v. Plasencia*, emphasizing that its balancing test was appropriate for "long-time lawful permanent resident[s]" in contrast to "detentions of aliens at the border or returning lawful permanent residents who had spent time abroad."  *Id.* (citing 459 U.S. 21, 32–34 (1982)).  Aliens in the former category have "gain[ed] admission to our country and [have begun] to develop the ties that go with permanent residence," meriting a level of due process more analogous to that of a citizen.  *Landon*, 459 U.S. at 32.  In the latter category, aliens "request[] a privilege and [have] no constitutional rights."  *Id.*; *DHS v. Thuraissigiam*, 591 U.S. 103, 138–39 (2020) ("Whatever the procedure authorized by Congress is, it is due process as far as an alien denied entry is concerned.") (quotation omitted).  Critically, aliens who are released into the United States pending removal are "treated for due process purposes as if stopped at the border."  *Thuraissigiam*, 591 U.S. at 139.

As an "applicant for admission," Rios Ferreira has "only those rights regarding admission that Congress has provided by statute."  *Thuraissigiam*, 591 U.S. at 140; *Landon*, 459 U.S. at 32.  With Section 1225, Congress set the procedural rights afforded to aliens who are present in the United States without admission.  "Read most naturally," Section

– 8 –

1225(b)(2)(A) "mandate[s] detention of applicants for admission until certain proceedings have concluded." *Jennings*, 583 U.S. at 297.  No part of the statute "says anything whatsoever about bond hearings." *Id.*  Accordingly, Rios Ferreira is not entitled to a bond hearing as a matter of procedural due process.

**4.      Conclusion**

In short, Rios Ferreira, as an "applicant for admission," is properly detained without bond under Section 1225(b)(2)(A).  Nothing about the INA, the Due Process Clause, or the APA requires a contrary conclusion.  Thus, the petition for a writ of habeas corpus (Dkt. No. 2) is denied.  To the extent Rios Ferreira seeks a temporary restraining order or preliminary inunction (*id.* ¶¶ 40–54), the motion is denied as moot.

So ordered on February 27, 2026.

JAMES WESLEY HENDRIX
UNITED STATES DISTRICT JUDGE